## CITY OF AMARILLO V. BRYAN YORK ET AL.

No. 8135. Decided January 5, 1944.
Rehearing overruled February 2, 1944.
(176 S. W., 2d Series, 935.)

*Monning & Singleton*, of Amarillo, *James W. Bassett* and *Dan Moody*, both of Austin, for petitioner.

*Clayton & Bralley*, of Amarillo, for respondents.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This suit was filed by Bryan York and twelve other members of the Amarillo fire department against the City of Amarillo, seeking recovery upon a quantum meruit for alleged overtime work performed by them as firemen during the period from January 16, 1940, to January 5, 1942. In addition to the claims of these plaintiffs, thirty-five other firemen made assignments of their respective claims to three of the plaintiffs and the latter sued for their own individual claims and also for those assigned to them. The suit is based on the alleged violation of Article 1583, Vernon's Ann. P. C., by the City over a period of about ninety-eight weeks. The Court of Civil Appeals affirmed a judgment in favor of the plaintiffs. 167 S. W. (2d) 787.

The City of Amarillo is a city of not less than thirty thousand nor more than seventy-five thousand inhabitants according to the last Federal census. The evidence shows that the firemen worked in shifts of twenty-four hours each, beginning at 12:00 o'clock noon and continuing until 12:00 o'clock noon of the next day, and that they were then off duty for similar periods of twenty-four hours each, the next period beginning at 12:00 o'clock noon on one day and continuing until 12:00 o'clock noon on the next day. Under this arrangement the firemen had at least three periods of full twenty-four hours each during each week in which they were not required to work. While there is evidence in the record to the effect that the firemen objected to the arrangement whereby the crews were required to shift at noon, the evidence also shows that the firemen objected to making the shift at midnight.

It is the contention of the plaintiffs that the word "day," as used in Article 1583 of the Penal Code, means a calendar day, and that in order to comply with the statute the firemen were entitled to one off period of twenty-four hours each week, running from 12:00 o'clock at night until 12:00 o'clock the next night, and that no other period of twenty-four consecutive hours would satisfy the requirements of the statute. In other words, if they had been allowed one rest period each week of twenty-four hours, extending from midnight on one night to the next succeeding midnight, the law would have been complied with and their rights fully protected; but since neither of the three twenty-four hour rest periods which they were allowed each week extended from midnight to midnight, the terms of the statute were violated. Under this construction, they contend that they were required to work at least a part of every calendar day, and therefore were not allowed a day off each week, as required by the statute. On the other hand, it is the contention of the City that the statute merely contemplated that the firemen should have a rest period of twenty-four consecutive hours each week, and since they had at least three such periods each week, the requirements of the statute were fully complied with.

In the case of Bill Long et al v. City of Wichita Falls, 142 Texas 202, 176 S. W. (2d) 936, this day decided, plaintiff's contention in this respect was rejected. It was there held that the purpose of the statute, in so far as it applied to cities with more than twenty-five thousand and less than seventy-five thousand inhabitants, was to secure to the firemen a rest period of at least one day each week, so as to protect their health and improve their efficiency as firemen, and that this purpose would be as effectively accomplished where the firemen were allowed

a rest of some other period of twenty-four consecutive hours each week as it would be if they were allowed a rest period of similar length from midnight to midnight. In other words, it was there held that none of the purposes of the statute would be accomplished by confining the rest period to a calendar day so as to make it begin and end at midnight, and thus require the firemen to shift crews at midnight instead of some other hour during the day.

Upon the authority of the holding of this Court in Bill Long et al v. City of Wichita Falls, the judgments of the trial court and the Court of Civil Appeals are reversed, and judgment here rendered that the plaintiffs take nothing.

Opinion delivered January 5, 1944.

Rehearing overruled February 2, 1944.