

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

VILL WILSON
rORNEY GENERAL

February 17, 1958

Honorable M. B. Morgan                  Opinion No. WW-372
Commissioner
Bureau of Labor Statistics              Re: Maximum number of hours
Austin, Texas                                a female employee may
                                             work under the provi-
                                             sions of Article 5172a
                                             in any one period of
                                             twenty-four consecutive
Dear Mr. Morgan:                             hours.

          You have requested our opinion on the construction of
Sections 1 and 13 of Article 5172a, Vernon's Civil Statutes,
and ask to be advised if the term "calendar  day", as used in
Section 1, and the term "day of twenty-four hours", as used in
Section 13, both mean a period of time beginning at 12:00 Mid-
night to 12:00 P.M.

          Section 1, Article 5172a, Vernon's Civil Statutes,
reads in part as follows:

          "No female shall be employed in a factory . . .
     for more than nine (9) hours in any one <u>calendar day</u>
     nor more than fifty-four (54) hours in any one cal-
     endar week." (Emphasis ours).

          Section 13, Article 5172a, Vernon's Civil Statutes,
reads in part as follows:

          ". . . female to work in any place mentioned in
     Sections 1, 2 and 3 of this Act more than the number
     of hours provided therein in any one <u>day of twenty-</u>
     <u>four hours</u> in any one calendar week, . . ." (Empha-
     sis ours).

          Are the terms synonymous, and does Section 13 prohibit
a female employee working in designated places for more than the
specified hours in any one period of twenty-four consecutive
hours?

          This question seems to have been settled by the Supreme
Court of Texas in <u>Long v. City of Wichita Falls</u>, 176 S.W.2d 936,
142 Tex. 202, when the Court had before it a similar question
construing the term "calendar day" and the undefined term "day",

in Article 1583, Vernon's Annotated Penal Code, relating to the permissible hours of employment for firemen in municipalities of various categories.

There, the term "calendar day" was defined as being "the time elapsing from one midnight to the successive one". Such construction was said to be a rule ordinarily adopted and followed merely as a matter of convenience. The undefined term "day" was defined as "the period of time during which the earth makes one revolution on its axis, the interval of time which elapses between two consecutive returns of the same terrestrial meridian to the sun; the average length of this interval, twenty-four hours".

It is our opinion, and you are so advised, that the two terms are not necessarily synonymous and do not necessarily refer to the same period of time.

In order to determine what construction should be placed on the term "day", as used by the Legislature in the statute here under construction, we must look to the purpose intended to be accomplished by the Act and the effect that it will have when so applied to the subject matter. Long v. City of Wichita Falls, supra. Its obvious purpose is the protection of health and the prevention of hours of employment that may add to the hazards of employment. In our opinion, such purpose would not be served by a construction which allowed female employees to work maximum hours in two calandar days, but within one period of twenty-four consecutive hours. By construing "day of twenty-four hours" to mean a calendar day from midnight to the successive midnight, a female employee could be required to begin work at 3:00 P.M. on one afternoon and continue working until 9:00 A.M. the following morning, without violation. Such construction would defeat the purpose of the Act, in our opinion.

That the legislative use of the two different terms indicates a legislative intent to distinguish between a midnight to midnight calendar day and a period of twenty-four consecutive hours, is made clear by Long v. City of Wichita Falls, supra.

"Our position that the Legislature did not intend to restrict the rest period to be allowed firemen in cities of less than 75,000 population to a 'calendar day' is evidenced, we think, by the language of the statute as a whole. Section 1 of the Act, which regulates cities of more than 25,000 and less than 75,000 inhabitants, provides that the firemen shall not be required to be on duty more than 'six (6) days in any one week,' and nothing is said

about <u>calendar</u> days or <u>calendar</u> weeks.  On the contrary, the Legislature, when it attempted to deal with cities of over 75,000 population in Section 6 of the Act, expressly stipulated that firemen should not be required to work more than twelve hours per '<u>calendar</u> day or more than seventy-two hours in any one <u>calendar</u> week.' This, to our minds, evidences legislative intent that the <u>calendar</u> day and the <u>calendar</u> week should be applied in regulating the work periods of firemen in cities with a population in excess of 75,000, but that such limitation should not be required in cities with a less population." (Emphasis by the Court).

Also see <u>City of Amarillo v. York, et al.</u>, Supreme Court, 142 Tex. 210, 176 S.W.2d 935 reversing <u>City of Amarillo v. York</u>, 167 S.W.2d 787, where the Court of Civil Appeals held the term "day" to mean the usual calendar day from midnight to midnight.

The language of Section 13 specifically indicates which period it means by placement of the words "of twenty-four hours" after the word "day". In our opinion, Section 13 clearly prohibits the working of female employees in excess of the maximum number of hours in any one period of twenty-four consecutive hours, and you are so advised.

## SUMMARY

As used in Article 5172a, the terms "calendar day" in Section 1, and "day of twenty-four hours" in Section 13, are not synonymous in constructional context, but the limitations on female employees working in excess of designated hours within a "day of twenty-four hours" refers to a period of twenty-four consecutive hours, and not a period only from one midnight to the successive one.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM:jl:wb

1754

Honorable M. B. Morgan, page 4 (WW-372)


APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn

Cecil C. Rotsch

J. Mark McLaughlin

J. Milton Richardson

John H. Minton, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert